IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID L. MOORE
    Petitioner,

vs.                                  Case No.:  5:06cv150/RS/EMT

RANDALL BRYANT,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

        Before the court is an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 6).  The filing fee has been paid.  Respondent filed a motion to dismiss the petition as untimely (Doc. 12), and Petitioner filed a response in opposition to the motion (Doc. 14).

        This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

        Petitioner does not dispute Respondent's recitation of the procedural history of this case.  On October 8, 1990, pursuant to a written plea agreement, Petitioner was adjudicated guilty in the Circuit Court for Jackson County, Florida, of one count of escape and one count of battery on a law enforcement officer (Doc. 12, Ex. B at 7–13).  He was sentenced to concurrent terms of three (3) years of imprisonment to run consecutively to any sentences he was then serving (*id.*).  Petitioner did not directly appeal his judgment of conviction and sentence.

        On January 25, 2002, Petitioner filed a Motion to Withdraw Plea of Guilt[y] in the trial court (Doc. 12, Ex. B at 1–3).  The trial court denied the motion as untimely on April 2, 2002 (*id.* at 4–18).

Petitioner appealed the decision to the Florida First District Court of Appeal (First DCA), and the appellate court affirmed per curiam without written opinion on July 18, 2002, with the mandate issuing August 13, 2002 (*id*., Exs. C, D, E, F). Moore v. State, 823 So. 2d 770 (Fla. 1st DCA July 18, 2002) (Table).

On August 5, 2002, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. 12, Ex. G). The trial court denied the motion on procedural grounds on December 13, 2002 (*id.*, Ex. H). Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without written opinion on April 16, 2003, with the mandate issuing May 13, 2003 (*id*., Exs. I, J, K). Moore v. State, 845 So. 2d 190 (Fla. 1st DCA Apr. 16, 2003) (Table).

On May 12, 2005, Petitioner filed a "Petition for Writ of Error Coram Nobis, Habeas Corpus and Post-conviction Rule 3.850(h)" (Doc. 12, Ex. L at 1–6). The trial court denied the post-conviction application as successive and procedurally barred on June 1, 2005 (*id.* at 7–36). Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without written opinion on October 7, 2005, with the mandate issuing November 2, 2005 (*id*., Exs. M, N). Moore v. State, 913 So. 2d 604 (Fla. 1st DCA Oct. 7, 2005) (Table).

Petitioner filed the instant habeas action on July 17, 2006 (Doc. 1 at 6).

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

  In the instant case, Petitioner does not assert that a government-created impediment to his filing existed, that he bases his claim on a right newly recognized by the Supreme Court, or that the facts supporting his claim could not have been discovered through the exercise of due diligence before the date his conviction became final. Thus, the statute of limitations must be measured from the remaining statutory trigger, which is the date on which his conviction became final. *See* 28 U.S.C. § 2244(d)(1).

  It is undisputed that Petitioner's conviction became final in 1990, prior to the AEDPA's effective date; therefore, in keeping with the one year grace period allowed for convictions pre-dating the AEDPA, *see* Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1210 (11th Cir. 1998), Petitioner had until April 23, 1997, to file his federal habeas petition.

  This court must next address whether the limitations period was tolled pursuant to statutory or equitable tolling principles. Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the record shows that Petitioner filed his first post-conviction application in 2002, well beyond the 1997 deadline. Indeed, by the time Petitioner filed this post-conviction motion, the 365-day federal limitations period had already expired. As all of Petitioner's post-conviction applications were filed after expiration of the federal limitations period, they did not toll the limitations period. *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000).

  In his response to the motion to dismiss, Petitioner contends he is entitled to equitable tolling of the limitations period due to his "mental incompetence" and his difficulty understanding the law due to his lack of education (*see* Doc. 14). In support of this argument, Petitioner states that during the time of his guilty plea to the charges, he was taking medications prescribed by a Department of Corrections psychiatrist which affected him "like a liquid lobotomy" to the degree that he has no memory of the proceedings (Doc. 1 at 4). He additionally states that he is "uneducated" and suffers from "environmental induced stress depression" which caused him to attempt suicide five times

since 1999 and has impeded his ability to file motions and understand how to challenge his convictions (Doc. 14).

"Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001). However, equitable tolling is an extraordinary remedy that is applied sparingly; indeed, it is appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also* Wade v. Battle, 379 F.3d 1254, 1264-65 (11th Cir. 2004) (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002) and Sandvik, *supra*). "The focus of the inquiry regarding 'extraordinary circumstances' is 'on the circumstances surrounding the late filing of the habeas petition' and not on the circumstances of the underlying conviction, and whether the conduct of others prevented the petitioner from timely filing." Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006) (quoting Helton, 259 F.3d at 1314-15) (citing Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005), *cert. granted on other grounds*, --- U.S. ---, 126 S. Ct. 1625, 164 L. Ed. 2d 332 (2006)). The burden of establishing entitlement to this extraordinary remedy rests with Petitioner. Wade, *supra*; Drew, *supra*.

Initially, although Petitioner states that he is mentally incompetent by virtue of the fact that he has continued to receive psychiatric care for stress and depression, he has proffered no factual support showing that he is or ever was actually mentally incompetent or completely unable to understand the nature and object of post-conviction proceedings and to present his case for post-conviction relief in a rational manner. Indeed, not every mental deficiency amounts to mental incompetence, therefore, his allegation of mental incompetency is insufficient. *See* Smith v. Newsome, 876 F.2d 1461, 1465 (11th Cir. 1989) (citation omitted). Furthermore, the fact that he lacks a formal education does not make him mentally incompetent, nor does it explain why he failed to file his federal petition in a timely manner. Petitioner was obviously able to file very rational pleadings in the state courts since 2002, and he does not allege a change in circumstances that occurred then which would explain an inability to do so prior to 2002. Moreover, a lack of legal knowledge does not suffice to excuse his delay in filing a timely federal petition. *See, e.g.,* Marsh

v. Soares, 223 F.3d 1217 (10th Cir. 2000) (neither inmate's ignorance of the law, nor inadequacy of services of inmate law clerk who helped draft habeas petition, nor fact that prison law library was closed for 15 days entitled petitioner to equitable tolling of limitations period); Holloway v. Jones, 166 F. Supp. 2d 1185 (E.D. Mich. 2001) ("Claims that a petitioner did not have professional legal assistance are not an extraordinary circumstance which would toll the statute of limitations.") (citing Henderson v. Johnson, 1 F. Supp. 2d 650, 656 (N.D. Tex.1998) and Bilodeau v. Angelone, 39 F. Supp. 2d 652, 659 & n.1 (E.D. Va.1999) (petitioner's claim that the delay in filing the petition resulted from his seeking legal assistance would neither establish excusable neglect, so as to warrant an enlargement of time to file the petition, or support the equitable tolling of the statute of limitations)). Because Petitioner does not allege that the delay in filing the instant petition was due to his actual mental incompetence, and the facts do not suggest such, this court finds he has failed to present extraordinary circumstances warranting equitable tolling. *See* Rouse v. Lee, 339 F.3d 238, 248 (4th Cir. 2003); Fisher v. Gibson, 262 F.3d 1135, 1143–45 (10th Cir. 2001).

Additionally, Petitioner has failed to show he made diligent efforts to timely file his federal petition. He has not provided details of any specific actions he took toward filing the petition, nor does he allege that he took any efforts to determine when the relevant limitations period began to run. In the absence of any connection between Petitioner's alleged mental deficiencies and his untimely filing, he has failed to show he is entitled to equitable tolling.

As Petitioner's federal petition is untimely, and he has failed to demonstrate his entitlement to equitable tolling, or that application of any other exception to the time bar is warranted, this court concludes that the instant petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (Doc. 12) be **GRANTED**.

2. That the amended petition for writ of habeas corpus (Doc. 6) be **DISMISSED with prejudice** as untimely.

At Pensacola this 12<u>th</u> day of February 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**